# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| JAMES T. LOCKHEART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 95 C 343 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's ("City")

motion for summary judgment. This matter is also before the court on Defendant

John Drapiewski's ("Drapiewski"), John A. Maciejewski, Sr.'s ("Maciejewski"),

Defendant Christopher Strahlman's ("Strahlman") (collectively referred to as

"Defendant Officers") motion for summary judgment. For the reasons stated below,

we grant both motions for summary judgment in their entirety.

## BACKGROUND

On February 3, 1993, Drapiewski and Maciejewski (collectively referred

to as "arresting officers") arrested James T. Lockheart ("Lockheart"). Lockheart

claims that the arresting officers physically abused him and made derogatory statements and racial slurs about Lockheart. Lockheart also claims that the arresting officers fabricated evidence at the scene of the arrest in order to frame Lockheart. Lockheart claims that Defendant Strahlman physically assaulted him at the police station and orally harassed him. Lockheart was charged with armed robbery and attempted aggravated sexual assault. After one successful appeal by Lockheart and one mistrial, on October 5, 1998, Lockheart was found guilty of attempted aggravated criminal sexual assault and was sentenced to 30 years of imprisonment. Lockheart claims that the arresting officers conspired to maliciously prosecute him for the armed robbery charge.

Lockheart brought the instant action alleging that his constitutional rights were violated under 42 U.S.C. § 1983 ("Section 1983"). The City has filed a motion for summary judgment and the Defendant Officers have filed a separate motion for summary judgment. Although Lockheart has been previously represented by appointed counsel in this action, Lockheart has been proceeding *pro se* since May of 2002. On April 14, 2005, the prior judge in this action, granted in part Lockheart's motion to stay the proceedings. The prior judge agreed to defer the ruling on the motion for summary judgment brought by the Defendant Officers, but indicated that she would not defer her ruling on the City's motion for summary judgment. On April 18, 2005, the instant action was transferred to the undersigned judge. Since this case has been pending since 1995, and inasmuch as the summary judgment

motions are fully briefed, we deem it appropriate to rule on all pending motions.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. City's Motion For Summary Judgment

The City moves for summary judgment on the municipal liability claim. The doctrine of *respondeat superior* cannot be utilized to hold local governmental units liable for Section 1983 violations. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipal governmental unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs. Of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999). A local governmental unit's unconstitutional policy or custom can be shown by: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

In the instant action, the City argues that Lockheart has failed to point to evidence that indicates that the Defendant Officers' alleged misconduct was the result of any City policy, practice, or custom. Lockheart was allowed to conduct discovery through his counsel in regards to his municipal liability claim. However, the only relevant evidence produced relates to an isolated incident involving Lockheart's arrest and detention. Such evidence is insufficient to show that there was any policy, practice, or custom created or endorsed by the City in its operations that resulted in the Defendant Officers' misconduct. Lockheart cites to various cases, makes unsubstantiated factual allegations, and provides conclusory statements indicating that the City has a policy, practice, and custom of violating individuals' constitutional rights. However, Lockheart has failed to point to any evidence that would enable a reasonable trier of fact to conclude that a City policy, practice, or custom was responsible for the alleged misconduct of the Defendant Officers. Therefore, we grant the City's motion for summary judgment on the municipal liability claim.

## II. Defendant Officers' Motion For Summary Judgment

Defendant Officers also move for summary judgment on all claims brought against them.

A. Malicious Prosecution Claim

Lockheart claims that the arresting officers maliciously prosecuted him for armed robbery. There is no malicious prosecution claim under federal law. *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001). In order for a plaintiff to prove a malicious prosecution claim under Illinois law, a plaintiff must show that: "(1) the defendant sued the plaintiff maliciously and without probable cause; (2) the suit terminated in the plaintiff's favor; and (3) the plaintiff was injured beyond the cost and annoyance of defending the suit." *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002)(citing *Miller v. Rosenberg*, 749 N.E.2d 946, 951-52 (Ill. 2001)). In the instant action, Lockheart has not pointed to evidence that would enable a reasonable trier of fact to conclude that the arresting officers did not have probable cause for his arrest. Under Illinois law, probable cause in the context of a malicious prosecution claim is defined as "a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged." *Johnson v. Target Stores, Inc.*, 791 N.E.2d 1206,1219 (Ill. App. Ct. 2003). It is not relevant for a probable cause determination whether an officer made "a mistake or error that is not grossly negligent" and the focus should remain on whether there was "an honest belief by the complainant that the accused is probably guilty of the offense." *Id.* Reasonable bases for a belief that an accused is guilty of a crime include "information from other persons as well as on personal knowledge." *Id.* In the instant action, the arresting officers reasonably

relied upon information given to them by the victim who signed a complaint against Lockheart for armed robbery. ( R DO SF 15). Thus, no reasonable trier of fact could conclude that the arresting officers lacked probable cause to arrest Lockheart for armed robbery and we grant the Defendant Officers' motion for summary judgment on the malicious prosecution claim.

### B. Challenges To Criminal Action

Lockheart makes various allegations in his second amended complaint under the guise of Fourth Amendment violations. However, his contentions merely seeks to indirectly challenge the validity of his criminal conviction. For instance, Lockheart claims that the arresting officers fabricated evidence in order to obtain a criminal conviction. Lockheart was convicted of attempted aggravated criminal sexual assault and his conviction has not been vacated. Thus, he cannot pursue a Section 1983 claim to the extent that it would challenge the validity of his conviction. *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004). Therefore, we grant the Defendant Officers' motion for summary judgment to the extent that Lockheart seeks to challenge his conviction for attempted aggravated criminal sexual assault.

### C. Time-Barred Claims

The Defendant Officers argue that certain claims are time-barred. The record

reflects that Strahlman was not properly named as a Defendant in this action until over two years after the statute of limitations period had expired. We note that a prior judge in this action found that the limitations period was tolled because some facts allowed for an inference that Lockheart made reasonable efforts to obtain the correct spelling of Strahlman's name. However, we find such a ruling to be in clear error. At Lockheart's first and second criminal trials, Lockheart questioned the victim about Officer Strahlman. In addition, Lockheart was subpoenaed to appear at the trial and although he was never called as a witness, he appeared at the trial. Thus, Lockheart had ample opportunity to find the correct spelling of Strahlman's name and the claims against Strahlman are thus time barred. Therefore, we grant the Defendant Officers' motion for summary judgment on all claims brought against Strahlman.

In addition, the arresting officers argue that any claims based upon alleged physical abuse by the arresting officers are time-barred. The statute of limitations period for Section 1983 claims brought in Illinois is governed by the statute of limitations for personal injury actions under Illinois law, which is a two year statute of limitations period. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005). Lockheart admits that he was arrested and detained on February 3rd and 4th of 1993. Lockheart filed his original complaint in the instant action on January 18, 1995. However, the original complaint did not include allegations that the arresting officers physically abused Lockheart. Lockheart did not file an amended complaint

8

until March 27, 1995, which was after the statute of limitations period had expired. Thus, the amended complaint cannot be found, in this regard, to relate back to the original complaint. Fed. R. Civ. Pro. 15(c)(2). Since the claims against the arresting officers based upon alleged physical abuse are time-barred, we grant the Defendant Officers' motion for summary judgment on the claims brought against the arresting officers based upon the alleged physical abuse.

### D. Equal Protection Claim

Defendants move for summary judgment on the equal protection claim. Under the Equal Protection Clause, a state is prohibited from denying "any person within its jurisdiction equal protection of the law." U.S. Const. Amend. XIV. The Equal Protection Clause dictates that "states treat similarly situated people in a similar manner." *Faheem-El v. Klincar*, 841 F.2d 712, 727 (7th Cir. 1988). Lockheart has not shown that similarly situated people were not treated in a similar manner. Lockheart has unsuccessfully pursued equal protection claims throughout his criminal proceedings. In addition, Lockheart has failed to point to sufficient evidence that would enable a reasonable trier of fact to find in his favor on the equal protection claim in the instant action. Therefore, we grant the Defendant Officers' motion for summary judgment on the equal protection claim.

### E. Excessive Force Claim

Defendants also argue that there is not sufficient evidence for a reasonable

trier of fact to find in Lockheart's favor on the excessive force claim. We agree. Lockheart has not pointed to sufficient evidence to conclude that the Defendant Officers caused the alleged pain to his hip. In addition, Lockheart made a series of admissions, pursuant to Local Rule 56.1, since he did not properly dispute many of the Defendant Officers' statement of material facts. ( R SF 23, 24, 25, 33, 34); *Zak v. Ryerson Tull, Inc.*, 2005 WL 946871, at * 3 (N.D. IL 2005). Those admissions also show that the Defendant Officers did not engage in any physical abuse of Lockheart. Thus, there is insufficient evidence for a reasonable trier of fact to find in Lockheart's favor on the excessive force claim and we grant summary judgment on the excessive force claim for that reason as well.

### F. Qualified Immunity

The Defendant Officers also argue that their actions are protected by qualified immunity. Generally, law enforcement officers "receive qualified immunity for conduct performed within the scope of their official duties." *Dunn v. City of Elgin, Illinois,* 347 F.3d 641, 648 (7th Cir. 2003). In determining whether an officer is protected by qualified immunity in a Section 1983 case, "the court must decide: (1) whether the plaintiff has shown a violation of her constitutional rights, and, if so, (2) whether those constitutional rights were clearly established at the time of the violation, 'such that a reasonable official would understand that what he was doing

violates those rights.'" *Id.* (quoting in part *Morrell v. Mock,* 270 F.3d 1090, 1094 (7th Cir.2001)). Lockheart has accused the Defendant Officers of physical and verbal abuse. However, pursuant to Local Rule 56.1, Lockheart has failed to properly dispute the Defendants Officers' statement of material facts. ( R SF 23, 24, 25, 33, 34); *Zak,* 2005 WL 946871, at *3. Lockheart's admissions show that the Defendant Officers did not engage in any physical or verbal abuse of Lockheart. The evidence clearly reflects that the Defendant Officers were performing their official duties at the time of the arrest. The Defendant Officers were responding to a radio call that there was a robbery in progress and when they arrived on the scene a witness identified Lockheart as the individual who had attempted to attack and rape a store employee. In addition, the arresting officers reasonably relied upon information given to them by the victim who signed a complaint against Lockheart for armed robbery. ( R DO SF 15). In the instant action, Lockheart has not pointed to sufficient evidence that would allow a reasonable trier of fact to conclude that the Defendant Officers violated his constitutional rights in any manner. Therefore, we conclude that the Defendant Officers are also protected by qualified immunity and grant the Defendant Officers' summary judgment on that basis as well.

# CONCLUSION

Based on the foregoing analysis, we grant the City's motion for summary

judgment and we grant the Defendant Officers' motion for summary judgment.


Samuel Der-Yeghiayan
United States District Court Judge


Dated:   May 27, 2005